IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ALAN HOSTETTER ET AL.<br><br>In Connection With:<br><br>UNITED STATES OF AMERICA,<br>    v.<br>ALAN HOSTETTER, *et al.*,<br><br>              Defendants. | Case: 1:24−mc−00075<br>Assigned To : Lamberth, Royce C.<br>Assign. Date : 6/12/2024<br>Description: Misc.<br>Miscellaneous Action No. _____,<br><br>Related Case Criminal Action No. 21-00392 (RCL)<br><br>Honorable Royce C. Lamberth |

## APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6, applicants Conrad Smith, Danny McElroy, Byron Evans, Governor Latson, Melissa Marshall, Michael Fortune, Jason DeRoche, and Reginald Cleveland ("Applicants") seek access to the exhibits from the October 16 – November 7, 2023 trial of Defendants Erik Scott Warner, Felipe Antonio "Tony" Martinez, Derek Kinnison, and Ronald Mele in the criminal case *United States v. Hostetter*, No. 1:21-cr-00392 ("Second Trial").[1] Applicants are United States Capitol Police officers harmed during the January 6, 2021 attack on the U.S. Capitol (the "Attack"). The exhibits that Applicants seek are relevant to Applicants' civil action against Defendants and others for harming Applicants in the course of the Attack. *See Smith v. Trump*, No. 21-cv-2265 (D.D.C.).[2]

---

[1] Direct citations to the docket without any preceding case name (*e.g.*, "Dkt. 376.") refer to filings in *United States v. Hostetter*, No. 1:21-cr-00392.

[2] Applicants previously sought access to the exhibits from Defendant Alan Hostetter's July 6–13, 2023 trial in *United States v. Hostetter*. Application for Access to Trial Exhibits, *In re Alan Hostetter*, Case No. 1:23-mc-00108 (D.D.C. filed Sept. 29, 2023), Dkt. 1. That request was granted on January 2, 2024. Order on Application for Access to Trial Exhibits, *In re Alan Hostetter*, Case No. 1:23-mc-00108 (D.D.C. Jan. 2, 2024), Dkt. 3.

1

RECEIVED
JUN 12 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

For the reasons stated herein, Applicants respectfully request that the Court order the Government to allow Applicants to access and download all admitted exhibits from the Second Trial in the above-captioned matter (the "Trial Exhibits"), including downloadable documentary, photographic, and videographic exhibits.

Discovery in Applicants' pending civil case is ongoing, and the Trial Exhibits are relevant to establishing Applicants' claims in that case. Applicants' claims include, *inter alia*, conspiracy to interfere with Congress and U.S. Capitol Police officers by force, intimidation, or threats (42 U.S.C. § 1985(1)); assault; and battery, all based on Defendants' conduct related to the Attack. On November 7, 2023, the jury found Defendants Warner, Martinez, Kinnison, and Mele guilty of Conspiracy to Obstruct an Official Proceeding, Obstruction of an Official Proceeding and Aiding and Abetting, Entering and Remaining in a Restricted Building or Grounds, and Disorderly and Disruptive Conduct in a Restricted Building or Grounds. Dkt. 376.[3] Like the Applicants' Section 1985(1) claim against these Defendants in *Smith v. Trump*, the government's criminal charges centered on Defendants' conspiracy to obstruct the congressional certification of the 2020 presidential election results. *See* Dkt. 378 at 7-16.

Most, if not all, of the Trial Exhibits remain unavailable on the Court's Case Management/Electronic Case Filing (CM/ECF) system. As members of the public, Applicants have a right to access documents submitted at trial. Accordingly, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits via an electronic drop box.

In further support of this application, Applicants state as follows.

---

[3] The jury also convicted Defendants Kinnison and Warner of Tampering with Documents or Proceedings. Dkt. 376.

**LEGAL STANDARD**

1. Local Criminal Rule 57.6 of the United States District Court for the District of Columbia provides that any interested person (other than a party or a subpoenaed witness) "who seeks relief relating to any aspect of proceedings in a criminal case . . . shall file an application for such relief with the Court." LCrR 57.6. The application must include "a statement of the applicant's interest in the matter as to which relief is sought, a statement of facts, and a specific prayer for relief." *Id.*

**STATEMENT OF INTEREST**

2. Applicants seek to access and download the Trial Exhibits, which are relevant to their claims in the pending civil case *Smith v. Trump*, No. 21-cv-2265 (D.D.C.).

3. Applicants are eight United States Capitol Police officers who defended the Capitol from attackers on January 6, 2021. They are plaintiffs in *Smith*, a lawsuit alleging, *inter alia*, that several defendants, including the Defendants in this case, conspired to use force, intimidation, and threats to prevent Congress from certifying the 2020 presidential election results and aided and abetted others in assaulting and battering plaintiffs. *See* Am. Compl. ¶¶ 1-10, 199-210, *Smith*, No. 21-cv-2265 (D.D.C. Dec. 3, 2021), Dkt. 89 (hereinafter "*Smith Am. Compl.*").

4. On January 26, 2023, the court in *Smith* granted in part and denied in part motions to dismiss by various defendants, permitting the case to proceed to discovery. *See generally Smith*, No. 21-cv-2265, 2023 WL 417952 (Jan. 26, 2023), Dkt. 179. Applicants' claims against Defendants Warner, Martinez, Kinnison, and Mele for conspiracy under 42 U.S.C. § 1985, assault, and battery, survived that motion. *See id.*

5. The Trial Exhibits are relevant to Applicants' claims in *Smith*. *See, e.g.*, *Tarquinii v. Del Toro*, No. CV 21-1567, 2023 WL 2424618, at *2 (D.D.C. Mar. 9, 2023) ("Relevance is

3

'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense.'" (citations omitted)). Applicants' Section 1985 claim requires proof of certain agreements between co-conspirators, *see Thompson v. Trump*, 590 F. Supp. 3d 46, 96-97 (D.D.C. 2022) (describing principles of civil conspiracy relevant to Section 1985 claim), which was a fundamental requirement of proving the criminal charges in this case. The Trial Exhibits are likely to bear on the Defendants' and others' roles in planning, coordinating, and executing the Attack, all of which are relevant to Applicants' Section 1985 claim.

6. Additionally, the evidence in this criminal case is relevant to Applicants' assault and battery claims, which are based in part on aiding-and-abetting liability. *See Smith*, No. 21-CV-02265 (APM), 2023 WL 417952, at *9 (D.D.C. Jan. 26, 2023) (sustaining aiding-and-abetting assault and battery claims against individual defendants). Aiding-and-abetting liability may involve "acts of assistance as well as words of encouragement" that occur at or prior to the time of the tort. *Halberstam v. Welch*, 705 F.2d 472, 482 (D.C. Cir. 1983). As with the Section 1985 claim, the Trial Exhibits are likely relevant to showing Defendants' roles in planning, coordinating, and executing the Attack, all of which goes to whether they provided "acts of assistance" or "words of encouragement." *Halberstam*, 705 F.2d at 484. The Trial Exhibits also may show how Applicants were attacked, the intensity of the Attack, and how the attackers cooperated and were aided and abetted by others present during the Attack, all of which may help substantiate Applicants' claims and inform the discovery strategy in their civil action.

7. Accordingly, the Trial Exhibits are relevant to Applicants' claims in *Smith*.

8. The Court previously granted Applicants' request to access the exhibits from the July 6–13, 2023 bench trial of Defendant Hostetter in this matter. Order on Application for Access

to Trial Exhibits, *In re Alan Hostetter, et al.*, No. 23-mc-108 (D.D.C. Jan. 2, 2024) (Lamberth, J.), Dkt. 3. At least some of the exhibits received into evidence during the October 16 – November 7, 2023 trial appear to not have been previously received into evidence during the first trial. *Compare* Dkt. 368 *with* Dkt. 273. Thus, Applicant's request is not duplicative.

## STATEMENT OF FACTS

9. On November 7, 2023, the jury found Defendants Warner, Martinez, Kinnison, and Mele guilty on all counts of the Second Superseding Indictment, including: Conspiracy to Obstruct an Official Proceeding (18 U.S.C. § 1512(k)), Obstruction of an Official Proceeding and Aiding and Abetting (18 U.S.C. §§ 1512(c)(2) and 2), Entering and Remaining in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(1)), and Disorderly and Disruptive Conduct in a Restricted Building or Grounds (18 U.S.C. § 1752(a)(2)). Dkt. 376. Specifically, the Second Superseding Indictment charged that Defendants Warner, Martinez, Kinnison, and Mele "did conspire to corruptly obstruct, influence, and impede an official proceeding, . . . specifically, Congress's certification of the Electoral College vote." Dkt. 378 at 7. It details how Defendants coordinated to prepare tactical equipment and weapons, organize communications, recruit co-conspirators, and arrange logistics for travelling to Washington, D.C. with the intent to obstruct the January 6 congressional certification, *see id.* at 7-13, including how they all joined a Telegram chat which had the stated purpose of connecting "able bodied individuals that are going to DC on Jan 6. . . . and . . . are all ready and willing to fight," *id.* at 10. The indictment also describes how Defendants—equipped with paramilitary gear—joined the physical attack on January 6, congregating with attackers in restricted areas of the Capitol. *See id.* at 14-16.

10. Applicants' Amended Complaint in their civil action alleges equivalent conduct by the Defendants. *See Smith Am. Compl.* ¶¶ 99(a), 101, 103(e), 134, 136, 140(e), 168-170.

11. During the trial, the Court received into evidence Government exhibits relevant to the conduct described in the Second Superseding Indictment and in Applicants' Amended Complaint in their civil action. These exhibits included video montages, U.S. Capitol Police CCTV footage, Metropolitan Police Department body-worn camera footage, videos, photographs, electronic communications and data, and other documents and records. *See* Dkt. 368.

12. The Court also received into evidence Defense exhibits that also appear to be relevant. *See* Dkts. 369-372.

13. Defendants Warner, Martinez, Kinnison, and Mele are, respectively, the same Warner, Martinez, Kinnison, and Mele who are defendants in *Smith*.

## ARGUMENT AND PRAYER FOR RELIEF

14. Applicants are entitled to access the Trial Exhibits under both common law and the First Amendment. "The public's right of access to judicial records derives from two independent sources: the common law and the First Amendment." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, No. MC 21-87 (BAH), 2021 WL 2894647, at *4 (D.D.C. July 2, 2021) (citation omitted). Indeed, "[c]rime victims, just like members of the public, have a general, qualified right to inspect and copy public records and documents, including judicial records and documents." *United States v. Moussaoui*, 483 F.3d 220, 234 n.10 (4th Cir. 2007) (quotation omitted).

15. There is a "strong presumption in favor of public access to judicial proceedings, including judicial records," under common law. *In re Leopold to Unseal Certain Elec. Surveillance Applications & Ords.*, 964 F.3d 1121, 1127 (D.C. Cir. 2020); *see also, e.g., In re Press & Pub. Access to Video Exhibits in Capitol Riot Cases*, No. MC 21-46 (BAH), 2021 WL 1946378, at *4 (D.D.C. May 14, 2021) (holding video exhibits in January 6 cases "are undoubtedly judicial

records to which the presumption of public access attaches"). Likewise, "public access to criminal trials forms the core" of the First Amendment right to a public trial in all criminal prosecutions. *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *5 (citation omitted).

16. That presumption is incontestable where, as here, the requested judicial records were submitted at trial. *See, e.g.*, *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property."); *In re Time Inc.*, 182 F.3d 270, 271 (4th Cir. 1999) ("A First Amendment right of access applies to a criminal trial, including documents submitted in the course of a trial.").

17. The public interest in the Trial Exhibits is even greater in this case, which concerns the January 6 attack on the Capitol. The Trial Exhibits "are not just important evidence in individual criminal proceedings but are vital evidence of what happened on January 6 when rioters stormed the U.S. Capitol grounds and building." *In re Press Coal.'s Motion for Access to Video Exhibits & to Set Aside Standing Ord. No. 21-28*, 2021 WL 2894647, at *7.

18. Thus, this Court has granted non-parties the ability to access and download exhibits in several Capitol Cases, including exhibits from the bench trial of Defendant Hostetter in this case. *See* Order on Application for Access to Trial Exhibits, *In re Alan Hostetter, et al.*, No. 23-mc-108 (D.D.C. Jan. 2, 2024) (Lamberth, J.), Dkt. 3 (granting Applicants' request for trial exhibits from Defendant Hostetter's bench trial); *United States v. Wickersham*, No. 21-cr-606 (D.D.C. June 29, 2022) (Lamberth, J.), Dkt. 33; *United States v. Munchel*, 567 F. Supp. 3d 9, 16 (D.D.C. 2021) (Lamberth, J.) (granting access to video exhibits and noting, "there is an independently strong public interest in the *legal significance* of these videos"); Minute Order, *United States v. Cua*, No. 21-cr-107 (D.D.C. May 15, 2023) (granting Applicants' request for trial exhibits); Minute Order

granting 136 Motion to Access Trial Exhibits, *United States v. Egtvedt*, No. 21-cr-177 (D.D.C. June 5, 2023) (same); Order on Application for Access to Trial Exhibits, *United States v. Rhodes*, No. 22-cr-15 (D.D.C. June 20, 2023), Dkt. 637 (same); Minute Order, *United States v. Nordean*, No. 21-cr-175 (D.D.C. Oct. 11, 2023) (same).

19. Accordingly, the requested Trial Exhibits are a matter of public record and should be made readily available to Applicants.

## CONCLUSION

For the foregoing reasons, Applicants request that the Court order the Government to allow Applicants to access and download the Trial Exhibits. Undersigned counsel contacted counsel for the United States and for Defendants Warner, Martinez, Kinnison, and Mele by email on June 4, 2024. Defendants Warner and Kinnison oppose this motion. The United States does not oppose the motion. Undersigned counsel has not received responses from counsel for Defendants Martinez or Mele.

Dated: June 12, 2024    Respectfully submitted,

  */s/ Edward G. Caspar*
  Edward G. Caspar, D.C. Bar No. 1644168
  LAWYERS' COMMITTEE FOR
  CIVIL RIGHTS UNDER LAW
  1500 K Street N.W., Suite 900
  Washington, DC 20005
  (202) 662-8600
  ecaspar@lawyerscommittee.org

  *Counsel for Applicants*

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Criminal Procedure 49 and Local Criminal Rule 49, I certify that on June 12, 2024, I served a copy of the foregoing filing on counsel for the United States and Defendants Warner, Martinez, Kinnison, and Mele by email and by U.S. mail to the addresses of record in *United States v. Hostetter*.

*/s/ Edward G. Caspar*
Edward G. Caspar